UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF ALABAMA

KATRINA BOWDEN MEEKER

    Debtor                                                   Case No. 10-04927-MAM-13

KATRINA BOWDEN MEEKER

    Plaintiff

v.                                                               Adv. No. 11-00166

WELLS FARGO BANK, N.A.

    Defendant

**ORDER DENYING MOTION OF WELLS FARGO BANK, N.A., TO ALTER OR AMEND ORDER DISMISSING CASE**

Nick Wooten, Attorney for Plaintiff, Auburn, Alabama

Wesley H. Blacksher, Attorney for Plaintiff, Mobile, Alabama

James H. White, IV, Attorney for Wells Fargo Bank, N.A., Birmingham, Alabama

      This case is before the Court on the motion of Wells Fargo Bank, N.A., to alter or amend the Court's judgment dated August 22, 2012. Wells Fargo wants the adversary proceeding dismissed with prejudice. The earlier dismissal was without prejudice. It was done on the plaintiff's motion for voluntary dismissal.

      Wells Fargo asserts that the dismissal should be with prejudice because the Court had dismissed two counts of a three count complaint on April 3, 2012. The Court granted leave to the debtor/plaintiff to amend the complaint. She did not and elected to dismiss the complaint instead.

The Court, after review of the docket and pleadings and Wells Fargo's motion, concludes that the motion should be denied. Wells Fargo wants to preclude any further suit(s) by Ms. Meeker in any other court. This Court is unwilling to enter an order that does that. First, Wells Fargo has this Court's findings and conclusions in hand. The Court knows that they will not bind another court, but they certainly are some hurdle for Ms. Meeker to overcome if another suit is filed. *Sandstrom v. Chemlawn Corp.*, 904 F.2d 83, 86 (1st Cir. 1990) (stating that "[a] voluntary dismissal . . . wipes the slate clean, making any future lawsuit based on the same claim an entirely new lawsuit"). Second, not all of the claims were dismissed in the April order and they should not be dismissed with prejudice now. Third, there is no evidence of bad faith or sanctionable actions on the part of the plaintiff or her counsel. *See Deutsche Bank National Trust Co. v. Waldorf*, 92 So.3d 857, 858 (Fla. App. 2 Dist. 2012) (stating that a dismissal with prejudice should be only the ultimate sanction for misconduct, not the norm). Fourth, there is no allegation of any undue prejudice to Wells Fargo Bank caused by the dismissal. *Borden v. Saxon Mtge. Services, Inc.*, 469 Fed. Appx. 752, 754-55 (11th Cir. 2012). Fifth, the motion to dismiss was filed voluntarily by the plaintiff pursuant to Fed. R. Bankr. P. 7041. That rule incorporates Fed. R. Civ. P. 41. Rule 41((a)(2) states that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Chas. Wright, et al., eds., 9 FED. PRACTICE & PROCEDURE § 2367 (3d edition) states "if the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court." The Eleventh Circuit has stated that a court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Pontenberg v. Boston*

*Scientific Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001). The Court concludes that the just and equitable course was to dismiss without prejudice for the reasons stated.

      THEREFORE, the motion of Wells Fargo Bank, N.A., to alter or amend the Court's order of August 22, 2012 is DENIED.

Dated:   September 10, 2012

                                                        MARGARET A. MAHONEY
                                                        CHIEF U.S. BANKRUPTCY JUDGE